**Electronically Filed
Supreme Court
SCWC-13-0002894
24-NOV-2015
08:09 AM**

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---oOo---

_____

STATE OF HAWAI'I, Respondent/Plaintiff-Appellee,

vs.

JAYSON AULD, Petitioner/Defendant-Appellant.

_____

SCWC-13-0002894

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-13-0002894; CR. NO. 12-1-0690(3))

NOVEMBER 24, 2015

RECKTENWALD, C.J., NAKAYAMA, McKENNA, POLLACK, AND WILSON, JJ.

OPINION OF THE COURT BY McKENNA, J.

I.  **Introduction**

The primary[1] questions presented in this case are whether

the State, in seeking to sentence a defendant to a mandatory

_____

[1]    Also raised on certiorari were questions as to whether the ICA gravely erred when it (1) determined that a "highly prejudicial hearsay statement was admissible against" the petitioner at trial, and (2) when it "allow[ed] prosecutors to use the opening statement to argue that essential elements of the offense [would] be met[.]"  With respect to (1), based on the ICA's ruling that even if the statement was hearsay, Auld's counsel did not object, and there may have been a reason for the lack of objection, we do not further address the issue at this time.  With respect to (2),seeing no error in the ICA's disposition of the issue, we do not further address it.

minimum sentence as a repeat offender under Hawai'i Revised

Statutes ("HRS") § 706-606.5 (2014)[2], (1) must include the

---

[2]      That statute provides, in full, the following:
**Sentencing of repeat offenders.** (1) Notwithstanding section 706-669 and any other law to the contrary, any person convicted of murder in the second degree, any class A felony, any class B felony, or any of the following class C felonies: section 134-7 relating to persons prohibited from owning, possessing, or controlling firearms or ammunition; section 134-8 relating to ownership, etc., of certain prohibited weapons; section 134-17 only as it relates to providing false information or evidence to obtain a permit under section 134-9; section 188-23 relating to possession or use of explosives, electrofishing devices, and poisonous substances in state waters; section 386-98(d)(1) relating to fraud violations and penalties; section 431:2-403(b)(2) relating to insurance fraud; section 707-703 relating to negligent homicide in the second degree; section 707-711 relating to assault in the second degree; section 707-713 relating to reckless endangering in the first degree; section 707-716 relating to terroristic threatening in the first degree; section 707-721 relating to unlawful imprisonment in the first degree; section 707-732 relating to sexual assault in the third degree; section 707-752 relating to promoting child abuse in the third degree; section 707-757 relating to electronic enticement of a child in the second degree; section 707-766 relating to extortion in the second degree; section 708-811 relating to burglary in the second degree; section 708-821 relating to criminal property damage in the second degree; section 708-831 relating to theft in the second degree; section 708-835.5 relating to theft of livestock; section 708-836 relating to unauthorized control of propelled vehicle; section 708-839.55 relating to unauthorized possession of confidential personal information; section 708-839.8 relating to identity theft in the third degree; section 708-852 relating to forgery in the second degree; section 708-854 relating to criminal possession of a forgery device; section 708-875 relating to trademark counterfeiting; section 710-1071 relating to intimidating a witness; section 711-1103 relating to riot; section 712-1221 relating to promoting gambling in the first degree; section 712-1224 relating to possession of gambling records in the first degree; section 712-1243 relating to promoting a dangerous drug in the third degree; section 712-1247 relating to promoting a detrimental drug in the first degree; section 846E-9 relating to failure to comply with covered offender registration requirements, or who is convicted of attempting to commit murder in the second degree, any class A felony, any class B felony, or any of the class C felony offenses enumerated above and who has a prior conviction or prior convictions for the following felonies, including an attempt to commit the same: murder, murder in the first or second degree, a class A felony, a class B felony, any of the class C felony offenses enumerated above, or any felony conviction of another jurisdiction, shall be sentenced to a mandatory minimum period of imprisonment without possibility of parole during such period as follows:
          (a) One prior felony conviction:
                (i) Where the instant conviction is for murder in the second degree or attempted murder in the second degree--ten years;

(continued. . .)

2

(. . . continued)

        (ii) Where the instant conviction is for a class A felony--six years, eight months;

        (iii) Where the instant conviction is for a class B felony--three years, four months; and

        (iv) Where the instant conviction is for a class C felony offense enumerated above--one year, eight months;

    (b) Two prior felony convictions:

        (i) Where the instant conviction is for murder in the second degree or attempted murder in the second degree--twenty years;

        (ii) Where the instant conviction is for a class A felony--thirteen years, four months;

        (iii) Where the instant conviction is for a class B felony--six years, eight months; and

        (iv) Where the instant conviction is for a class C felony offense enumerated above--three years, four months;

    (c) Three or more prior felony convictions:

        (i) Where the instant conviction is for murder in the second degree or attempted murder in the second degree--thirty years;

        (ii) Where the instant conviction is for a class A felony--twenty years;

        (iii) Where the instant conviction is for a class B felony--ten years; and

        (iv) Where the instant conviction is for a class C felony offense enumerated above--five years.

(2) Except as in subsection (3), a person shall not be sentenced to a mandatory minimum period of imprisonment under this section unless the instant felony offense was committed during such period as follows:

    (a) Within twenty years after a prior felony conviction where the prior felony conviction was for murder in the first degree or attempted murder in the first degree;

    (b) Within twenty years after a prior felony conviction where the prior felony conviction was for murder in the second degree or attempted murder in the second degree;

    (c) Within twenty years after a prior felony conviction where the prior felony conviction was for a class A felony;

    (d) Within ten years after a prior felony conviction where the prior felony conviction was for a class B felony;

    (e) Within five years after a prior felony conviction where the prior felony conviction was for a class C felony offense enumerated above;

    (f) Within the maximum term of imprisonment possible after a prior felony conviction of another jurisdiction.

(3) If a person was sentenced for a prior felony conviction to a special term under section 706-667, then the person shall not be sentenced to a mandatory minimum period of imprisonment under this section unless the instant felony offense was committed during such period as follows:

    (a) Within eight years after a prior felony conviction where the prior felony conviction was for a class A felony;

    (b) Within five years after the prior felony conviction where the prior felony conviction was for a class B felony;

(continued. . .)

defendant's predicate prior convictions in a charging

instrument; and (2) must prove these prior convictions to a

---

(. . . continued)

       (c) Within four years after the prior felony conviction where the prior felony conviction was for a class C felony offense enumerated above.

    (4) Notwithstanding any other law to the contrary, any person convicted of any of the following misdemeanor offenses:

       (a) Section 707-712 relating to assault in the third degree;

       (b) Section 707-717 relating to terroristic threatening in the second degree;

       (c) Section 707-733 relating to sexual assault in the fourth degree;

       (d) Section 708-822 relating to criminal property damage in the third degree;

       (e) Section 708-832 relating to theft in the third degree; and

       (f) Section 708-833.5(2) relating to misdemeanor shoplifting, and who has been convicted of any of the offenses enumerated above on at least three prior and separate occasions within three years of the date of the commission of the present offense, shall be sentenced to no less than nine months of imprisonment. Whenever a court sentences a defendant under this subsection for an offense under section 707-733, the court shall order the defendant to participate in a sex offender assessment and, if recommended based on the assessment, participate in the sex offender treatment program established by chapter 353E.

    (5) The sentencing court may impose the above sentences consecutive to any sentence imposed on the defendant for a prior conviction, but such sentence shall be imposed concurrent to the sentence imposed for the instant conviction. The court may impose a lesser mandatory minimum period of imprisonment without possibility of parole than that mandated by this section where the court finds that strong mitigating circumstances warrant such action. Strong mitigating circumstances shall include, but shall not be limited to the provisions of section 706-621. The court shall provide a written opinion stating its reasons for imposing the lesser sentence.

    (6) A person who is imprisoned in a correctional institution pursuant to subsection (1) shall not be paroled prior to the expiration of the mandatory minimum term of imprisonment imposed pursuant to subsection (1).

    (7) For purposes of this section:

       (a) Convictions under two or more counts of an indictment or complaint shall be considered a single conviction without regard to when the convictions occur;

       (b) A prior conviction in this or another jurisdiction shall be deemed a felony conviction if it was punishable by a sentence of death or of imprisonment in excess of one year; and

       (c) A conviction occurs on the date judgment is entered.

jury, beyond a reasonable doubt.  We answer both questions in the affirmative.

This appeal surfaces in the wake of the sea change in state sentencing procedure brought on by the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). In that case, the Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 489. We adopted this holding in State v. Maugaotega, 115 Hawai'i 432, 447, 168 P.3d 562, 577 (2007), with respect to our state's extended sentencing procedures, which were subsequently codified at HRS §§ 706-661, -662, and -664 (2014).

Recently, the United States Supreme Court extended the Apprendi rule to mandatory minimum sentencing.  See Alleyne v. United States, 133 S.Ct. 2151 (2013).  Alleyne held

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt.  See [Apprendi, 523 U.S. at 483, n.10, 490]  Mandatory minimum sentences increase the penalty for a crime.  It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

133 S.Ct. at 2155.  Our appellate case law currently holds that the Apprendi rule does not apply to mandatory minimum sentencing.  See State v. Gonsalves, 108 Hawai'i 289, 297, 119 P.3d 597, 605 (2005) ("Apprendi does not apply to mandatory

5

minimums[.]"); State v. Loher, 118 Hawai'i 522, 534 n.8, 193 P.3d 438, 450 n.8 (App. 2008) ("Apprendi only applies to penalties that increase the maximum statutory incarceration period, not set a mandatory minimum like HRS § 706-606.5."). This holding has now been implicitly called into question by Alleyne.

We acknowledge that Alleyne did not involve mandatory minimum sentencing based on prior convictions, as Auld's case does. We also acknowledge that the Apprendi rule contains an exception for the "fact of prior conviction" to its requirement that a jury find, beyond a reasonable doubt, those facts enhancing a defendant's sentence. It was not until this case, however, that we have had the opportunity to directly address whether Apprendi's "fact of prior conviction" exception has a place within our repeat offender mandatory minimum sentencing scheme. We hold that it does not.

This is because repeat offender sentencing under HRS § 706-606.5 requires more than just a finding of the "fact" of prior conviction. In order to sentence a defendant as a repeat offender, the State must prove (1) that the defendant has a prior conviction (or convictions); (2) that a prior conviction is specifically enumerated under HRS § 706-606.5(1) or (4); (3) that a prior conviction occurred within the time frame set forth under HRS § 706-606.5(2), (3), or (4); and (4) that the defendant was represented by counsel, or had waived such

representation, at the time of the prior conviction.  See State v. Caldeira, 61 Haw. 285, 290, 602 P.2d 930, 933 (1979) (per curiam); State v. Afong, 61 Haw. 281, 282, 602 P.2d 927, 929 (1979) (per curiam).  Therefore, as a matter of state law, the Apprendi "fact of prior conviction" exception does not apply to prior convictions forming the basis of repeat offender sentencing pursuant to HRS § 706-606.5.  As a result, a defendant is entitled to have a jury find, beyond a reasonable doubt, those facts necessary to show that he or she is subject to repeat offender sentencing under HRS § 706-606.5.

Further, our case law interpreting article I, sections 5 and 10 of the Hawai'i Constitution[3] requires "a charging instrument, be it an indictment, complaint, or information, [to] include all 'allegations, which if proved, would result in the application of a statute enhancing the penalty of the crime committed.'"  State v. Jess, 117 Hawai'i 381, 398, 184 P.3d 133, 150 (2008) (citations omitted).  Five years after we issued

---

[3]    Article I, section 5 of the Hawai'i Constitution provides, "No person shall be deprived of life, liberty or property without due process of law, nor be denied the equal protection of the laws, nor be denied the enjoyment of the person's civil rights or be discriminated against in the exercise thereof because of race, religion, sex or ancestry."
    Article I, section 10 of the Hawai'i Constitution provides, in relevant part, the following:
> No person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a grand jury or upon a finding of probable cause after a preliminary hearing held as provided by law or upon information in writing signed by a legal prosecuting officer under conditions and in accordance with procedures that the legislature may provide. . . .

Jess, the United States Supreme Court in Alleyne clearly held that "[m]andatory minimum sentences increase the penalty for a crime." 133 S.Ct. at 2155. In the wake of Alleyne, then, we are compelled to hold that repeat offender sentencing under HRS § 706-606.5 "enhanc[es] the penalty of the crime committed." Consequently, under article I, sections 5 and 10 of the Hawaiʻi Constitution, a defendant's predicate prior conviction(s) must be alleged in the charging instrument.

We are aware that our holdings today announce new rules for repeat offender charging and sentencing in Hawaiʻi pursuant to HRS § 706-606.5. Consequently, our new holdings take effect prospectively only. The ICA's judgment on appeal, which affirmed the Circuit Court of the Second Circuit's[4] ("circuit court") judgment of conviction and sentence, is therefore affirmed.

## II.  Trial Court Proceedings

Petitioner/Defendant-Appellant Jayson Auld was charged by indictment with committing Robbery in the Second Degree. It is undisputed that Auld's indictment did not allege that he had any prior convictions. A jury found Auld guilty as charged. That jury was not asked to find, and did not find, beyond a reasonable doubt, that Auld had any prior convictions. After

---

[4]    The Honorable Joseph E. Cardoza presided.

Auld was convicted, the State filed its Motion for Imposition of Mandatory Minimum Period of Imprisonment.  The State requested that Auld be sentenced, as a repeat offender, to a mandatory minimum period of imprisonment of "SIX (6) YEARS, and, EIGHT (8) MONTHS without the possibility of parole," pursuant to HRS § 706-606.5(1)(b)(iii).  The State averred that Auld had been convicted in 2011 of one count of Unauthorized Control of a Propelled Vehicle and one count of Promoting a Dangerous Drug in the Third Degree.  The State attached as an exhibit to its motion a copy of Auld's judgment of conviction and probation sentence reflecting both prior convictions.

Auld's Opposition to the State's motion did not argue that his prior convictions were required to be found by a jury beyond a reasonable doubt (or charged in the indictment); instead, he argued that strong mitigating circumstances warranted a lesser mandatory minimum period of imprisonment.

At the sentencing hearing, the State called Auld's probation officer.  The State introduced into evidence the "self-authenticating sealed and certified judgment for Jayson Auld" for his prior convictions.  Auld's counsel did not object, and the circuit court received the document into evidence. Auld's probation officer testified as to what the underlying offenses were, and Auld's counsel did not cross-examine him. The circuit court also took judicial notice of the records on

file for both of Auld's prior cases, and asked the State and Auld if they objected; neither did.  The circuit court also noted that it was the court that presided over those prior cases.

The circuit court granted the State's Motion for Imposition of Mandatory Minimum Period of Imprisonment, sentencing Auld to ten years of incarceration, with credit for time served, subject to the mandatory minimum of six years and eight months as a repeat offender.  Auld timely appealed.

## III.  ICA Appeal

### A.  Opening Brief

Relevant to the issues presented on certiorari, Auld argued for the first time on appeal that the circuit court "violated [his] Sixth Amendment and Due Process Rights when it granted the prosecution's post-verdict motion for the mandatory minimum term of imprisonment."  Auld cited Alleyne as authority for his argument that a jury should have considered the facts alleged in the prosecution's motion for imposition of a mandatory minimum sentence; he cited Jess as authority for his argument that those facts should have also been alleged in the indictment.  He asked the ICA to remand his case for resentencing consistent with the jury's verdict, i.e., without the mandatory minimum sentence.

**B.   Answering Brief**

The State distinguished Alleyne, factually and legally, from the instant case.  The State correctly pointed out that Alleyne involved 18 U.S.C. § 924(c)(1)(A), which requires a mandatory minimum sentence of imprisonment of five years for a person who "uses or carries" a firearm in relation to a crime of violence, seven years if the firearm is "brandished," and ten years if the firearm is "discharged."  133 S.Ct. at 2155-56.  Although the jury found that Alleyne had "used or carried," but not "brandished" a firearm, the district court found that Alleyne brandished a firearm and sentenced him to a mandatory minimum of seven years imprisonment.  133 S.Ct. at 2156.  The United States Supreme Court held that the district court's judicial fact-finding of "brandishing" violated Alleyne's Sixth Amendment right to have a jury find, beyond a reasonable doubt, those facts aggravating the punishment for a crime.  133 S.Ct. at 2161-62.  The State also noted that the Alleyne court stated that its holding "d[id] not mean that any fact that influences judicial discretion must be found by a jury."  133 S.Ct. at 2163.  In the instant appeal, the State appeared to argue that Auld's prior convictions did not need to be found by a jury beyond a reasonable doubt in order for the circuit court to have sentenced him to a mandatory minimum sentence as a repeat offender.

11

Citing State v. Drozdowski, 9 Haw. App. 583, 585, 854 P.2d 238, 240 (1993), the State also argued that "ordinary sentencing procedures apply to the mandatory minimum sentencing hearing." Under State v. Mara, 102 Hawai'i 346, 368, 76 P.3d 589, 611 (App. 2003), the State argued, such "ordinary sentencing procedures" include the "abuse of discretion" standard as the standard for appellate review of the trial court's imposition of a mandatory minimum sentence.

## C.  Reply Brief

Auld contended that the State appeared to be "relying on the so-called prior-convictions exception to Apprendi,"[5] which he argued "no longer holds sway in light of Alleyne and our own supreme court's precedent."  Auld traced the prior conviction exception to Almendarez-Torres v. United States, 523 U.S. 224 (1998), which he claimed "underwent great scrutiny in Apprendi," with the United States Supreme Court noting that the case was "arguabl[y] . . . incorrectly decided."  530 U.S. at 489.  He then cited Justice Thomas's concurrence in DesCamps v. United States, 133 S.Ct. 2276 (2013), as evidence that the prior conviction exception is inconsistent with the Sixth Amendment. Justice Thomas stated, "Under the logic of Apprendi, a court may

---

[5]    The Apprendi holding sets forth the prior conviction exception as follows: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 489 (emphasis added).

not find facts about a prior conviction when such findings increase the statutory maximum.  This is so whether a court is determining a prior conviction was entered, or attempting to discern what facts were necessary to a prior conviction."  133 S.Ct. at 2294 (Thomas, J., concurring).

Auld also asserted that this court has "**never** carved out an exception for facts relating to prior convictions" in requiring that "a charging instrument, be it an indictment, complaint, or information, . . . include all allegations, which if proved, would result in the application of a statute enhancing the penalty of the crime committed."  Jess, 117 Hawai'i at 398, 184 P.3d at 150 (citations and quotation marks omitted).  In other words, Auld argued that a defendant's prior convictions must be alleged in a charging instrument in order for him to be sentenced to a mandatory minimum term of imprisonment as a repeat offender.

**D.  The ICA's SDO**

The ICA affirmed Auld's judgment of conviction and sentence in a summary disposition order (SDO).  State v. Auld, CAAP-13-0002894 (App. Jan, 27, 2015) (SDO) at 2.  The ICA found "without merit" Auld's sentencing arguments, relying on the prior conviction exception.  Auld, SDO at 3-4.  The ICA noted that the prior conviction exception remained undisturbed in Alleyne and was "expressly recognized" by this court in Maugaotega, 115

Hawai'i at 446-47 & n.15, 168 P.3d at 576-77 & n.15 ("The United States Supreme Court has always exempted prior convictions from the Apprendi rule[.] . . . . The Court bases the exception on the fact that prior convictions have themselves been subject to the sixth amendment right to a jury trial and the accompanying requirement of proof beyond a reasonable doubt."). Id.

As to Auld's contention that due process required that his prior convictions be alleged in the indictment, the ICA noted that this court in Jess, 117 Hawai'i at 397-98, 184 P.3d at 149-50, "cited favorably to the federal standard that prior convictions are an exception to the mandate to include sentence enhancements in the charging instrument." Auld, SDO at 4. The ICA also concluded that State v. Freitas, 61 Haw. 262, 277, 602 P.2d 914, 925 (1979), requires only that a defendant sentenced under HRS § 706-606.5 be given "reasonable notice and afforded the opportunity to be heard," and that due process "does not require that notice be given prior to the trial of the underlying offense. . . ." Auld, SDO at 4. In the instant case, the ICA reasoned that Auld had an opportunity to oppose the State's motion for imposition of a mandatory minimum sentence, was represented by counsel at the hearing on that motion, and did not object to the circuit court's receiving his sealed and certified judgment of conviction into evidence and taking judicial notice of the record in both prior convictions.

Id.  Therefore, the ICA concluded, Auld's due process rights were not violated.  Id.

## IV.  Standard of Review

This court reviews questions of constitutional law under the right/wrong standard of review.  See State v. Toyomura, 80 Hawai'i 8, 15, 904 P.2d 893, 900 (1995).

## V.  Discussion

On certiorari, Auld raises the following question:

> Did the Intermediate Court of Appeals gravely err in concluding that an exception to Apprendi v. New Jersey allows sentencing courts to impose mandatory minimum terms of imprisonment based on facts that were never established with proof beyond a reasonable doubt, found by a jury, and adequately pleaded in the indictment?

**[App. at PDF p. 2]**  On certiorari, Auld criticizes the ICA's reliance on Apprendi's prior conviction exception.  Auld again traces the prior conviction exception to Almendarez-Torres, 523 U.S. 224, and argues that the exception has "fallen out of favor in federal courts and its continued viability there is uncertain."  To demonstrate the decline of the Almendarez-Torres holding, Auld first points to the dissent in that case, which stated that "there is no rational basis for making recidivism an exception" to the requirement that sentencing facts be proven to a jury beyond a reasonable doubt.  523 U.S. at 258 (Scalia, J., dissenting).  He again points to the Apprendi opinion itself, which declined to revisit the Almendarez-Torres prior conviction exception, but nevertheless noted, "[I]t is arguable that

15

Almendarez-Torres was incorrectly decided, and that a logical application of our reasoning today should apply if the recidivist issue were contested, [but] Apprendi does not contest the decision's validity and we need not revisit it[.]" 530 U.S. at 489. Auld again cites to Justice Thomas's concurrence in DesCamps, 133 S.Ct. 2276 (Thomas, J., concurring), as well as Shepard v. United States, 544 U.S. 13, 27-28 (Thomas, J., concurring) ("Almendarez-Torres . . . has been eroded by the Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that Almendarez-Torres was wrongly decided. . . . Innumerable criminal defendants have been unconstitutionally sentenced under the flawed rule of Almendarez-Torres[.]") (citation omitted); and United States v. Torres-Alvarado, 416 F.3d 808, 810 (8th Cir. 2005) ("[I]t is unclear whether Almendarez-Torres and its felony exception will remain good law[.]") (citation omitted).

Auld argues that this court should grant greater protections to criminal defendants under Article I, Section 14 of the Hawai'i Constitution, which provides, in relevant part, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury . . . [and] be informed of the nature and cause of the accusation. . . ." He contends that a prior conviction "must be treated like any other fact –- the prosecution must establish it beyond a reasonable

16

doubt before a jury and include it in the indictment before a sentencing court can use it to impose a mandatory minimum term of imprisonment."  Auld cites Jess, 117 Hawai'i 381, 184 P.3d 133, for the proposition that prior convictions must be pleaded in the indictment before they can form the basis of a mandatory minimum sentence.  He cites Alleyne and the Hawai'i Constitution for the proposition that a predicate prior conviction is a fact that must be submitted to a jury and proven beyond a reasonable doubt.

Auld's arguments are persuasive, primarily because of the change to our case law that Alleyne now compels.  To provide the backdrop for the new rules we announce today, we take a closer look at that case.  In Alleyne, the sentencing statute at issue was 18 U.S.C. § 924(c)(1)(A), which states the following:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
> (i) be sentenced to a term of imprisonment of not less than 5 years;
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

(Emphases added).  The jury who convicted Alleyne found only that he "used or carried" a firearm, and did not find that he

"brandished" a firearm, beyond a reasonable doubt; therefore, based on these jury-found facts, Alleyne was subject to only the five-year mandatory minimum term.  133 S.Ct. at 2156.  The district court judge, on the other hand, found that Alleyne brandished the firearm by a preponderance of the evidence and sentenced him to the seven-year mandatory minimum term.  Id.  In holding that the district court violated Alleyne's Sixth Amendment right, the United States Supreme Court extended the Apprendi rule to mandatory minimum term sentencing as follows:

> Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt.  See [Apprendi, 530 U.S. at 483, n.10, 490]  Mandatory minimum sentences increase the penalty for a crime.  It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

133 S.Ct. at 2155.  In other words, "Apprendi's definition of 'elements' necessarily includes not only facts that increase the ceiling [i.e., the statutory maximum sentence a defendant can receive], but also those that increase the floor [i.e., the mandatory minimum sentence a defendant can receive]."  133 S.Ct. at 2158.

Alleyne's holding extending the Apprendi rule to mandatory minimum sentences calls into question two of our appellate decisions, Loher, 118 Hawaiʻi 522, 193 P.3d 438, and Gonsalves, 108 Hawaiʻi 289, 119 P.3d 597.  In Loher, the ICA observed in a

18

footnote that a Rule 40 petitioner's repeat offender mandatory minimum sentence did not violate the rule in Apprendi:

> Loher was also sentenced to a mandatory minimum of thirteen years and four months, pursuant to HRS § 706-606.5, as a repeat offender. Apprendi and its progeny are not applicable to HRS § 706-606.5 because only facts other than a finding of prior convictions must be found by a jury. Only a finding of prior convictions is required to apply HRS § 706-606.5. In addition, Apprendi only applies to penalties that increase the maximum statutory incarceration period, not set a mandatory minimum like HRS § 706-606.5.

118 Hawai'i at 534 n.8, 193 P.3d at 450 n.8 (citations omitted).

This observation is consistent with this court's earlier holding in Gonsalves, 108 Hawai'i at 297, 119 P.3d at 605, that "Apprendi does not apply to mandatory minimums[.]" The Gonsalves court drew upon Harris v. United States, 536 U.S. 545 (2002), for its holding, which it summarized as follows:

> Gonsalves's argument that somehow the jury's verdict did not authorize sentencing him to a mandatory minimum term as a repeat offender is unfounded. Apprendi pronounced a rule regarding the judge-imposed penalties that increase statutory maximum sentences, not mandatory minimum sentences, because the judicial factfinding "that gives rise to a mandatory minimum sentence . . . does not expose a defendant to a punishment greater than otherwise legally prescribed."

Gonsalves, 108 Hawai'i at 296, 119 P.3d at 604 (citing Harris, 536 U.S. at 565). Harris, however, was overruled by Alleyne. Alleyne, 133 S.Ct. at 2155. In fact, the United States Supreme Court specifically accepted certiorari in Alleyne to consider overruling Harris. Id. In overruling Harris, the United States Supreme Court explained, "Harris drew a distinction between facts that increase the statutory maximum and facts that

19

increase only the mandatory minimum.  We conclude that this distinction is inconsistent with our decision in Apprendi . . . and with the original meaning of the Sixth Amendment."  Id. Thus, this court's statement in Gonsalves, as well as the ICA's footnote in Loher, that Apprendi does not apply in mandatory minimum term sentencing is no longer true.

Our analysis does not end here, however, as repeat offender sentencing under HRS § 706-606.5 is based solely on a defendant's prior conviction(s), and the Apprendi rule excepts the "fact of prior conviction" from the requirement that a jury find, beyond a reasonable doubt, those facts increasing the penalty for a crime.  Apprendi, 530 U.S. at 489.  We have favorably cited to Apprendi's general rule and its prior conviction exception in the context of extended term sentencing under HRS §§ 706-661, -662, and -664.  See Maugaotega, 115 Haw. at 446 n.15, 168 P.3d at 576 n.15 (citations omitted):

> The United States Supreme Court has always exempted prior convictions from the Apprendi rule: "[T]he Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based upon a fact, other than a prior conviction, not found by a jury or admitted by the defendant."  The Court bases the exception on the fact that prior convictions have themselves been subject to the sixth amendment right to a jury trial and the accompanying requirement of proof beyond a reasonable doubt.

(Emphasis in original; citations omitted).  See also Jess, 117 Hawai‘i at 394, 184 P.3d at 146 ("[E]xcept for prior convictions, multiple convictions, and admissions, 'any fact, however

labeled, that serves as a basis for an extended term sentence must be proved beyond a reasonable doubt to the trier of fact.'") (citing Maugaotega, 115 Hawai'i at 447 & n.15, 184 P.3d at 577 & n.15) (emphasis in original); State v. Keohokapu, 127 Hawai'i 91, 108, 276 P.3d 660, 677 (2012) (citing Maugaotega, 115 Hawai'i at 442, 168 P.3d at 572; and Jess, 117 Hawai'i at 394, 184 P.3d at 146).

It was not until this case, however, that we scrutinized Apprendi's "fact of prior conviction" exception.  This may be because Maugaotega, Jess, and Keohokapu all involved extended term sentencing under HRS §§ 706-661, -662, and -664.  Under HRS § 706-662, a defendant convicted of a felony may be subject to an extended term of imprisonment if a jury finds, beyond a reasonable doubt, the primary fact that an extended term of imprisonment is "necessary for the protection of the public" and that the convicted defendant satisfies one or more of the following criteria, most of which involve factual findings other than prior convictions:

> (1) The defendant is a persistent offender in that the defendant has previously been convicted of two or more felonies committed at different times when the defendant was eighteen years of age or older;
> (2) The defendant is a professional criminal in that:
>     (a) The circumstances of the crime show that the defendant has knowingly engaged in criminal activity as a major source of livelihood; or
>     (b) The defendant has substantial income or resources not explained to be derived from a source other than criminal activity;
> (3) The defendant is a dangerous person in that the defendant has been subjected to a psychiatric or

psychological evaluation that documents a significant history of dangerousness to others resulting in criminally violent conduct, and this history makes the defendant a serious danger to others. Nothing in this section precludes the introduction of victim-related data to establish dangerousness in accord with the Hawaii rules of evidence;
(4) The defendant is a multiple offender in that:
 (a) The defendant is being sentenced for two or more felonies or is already under sentence of imprisonment for any felony; or
 (b) The maximum terms of imprisonment authorized for each of the defendant's crimes, if made to run consecutively, would equal or exceed in length the maximum of the extended term imposed or would equal or exceed forty years if the extended term imposed is for a class A felony;
(5) The defendant is an offender against the elderly, handicapped, or a minor eight years of age or younger in that:
 (a) The defendant attempts or commits any of the following crimes: murder, manslaughter, a sexual offense that constitutes a felony under chapter 707, robbery, felonious assault, burglary, or kidnapping; and
 (b) The defendant, in the course of committing or attempting to commit the crime, inflicts serious or substantial bodily injury upon a person who has the status of being:
 (i) Sixty years of age or older;
 (ii) Blind, a paraplegic, or a quadriplegic; or
 (iii) Eight years of age or younger; and
 the person's status is known or reasonably should be known to the defendant; or
(6) The defendant is a hate crime offender in that:
 (a) The defendant is convicted of a crime under chapter 707, 708, or 711; and
 (b) The defendant intentionally selected a victim or, in the case of a property crime, the property that was the object of a crime, because of hostility toward the actual or perceived race, religion, disability, ethnicity, national origin, gender identity or expression, or sexual orientation of any person. For purposes of this subsection, "gender identity or expression" includes a person's actual or perceived gender, as well as a person's gender identity, gender-related self-image, gender-related appearance, or gender-related expression, regardless of whether that gender identity, gender-related self-image, gender-related appearance, or gender-related expression is different from that traditionally associated with the person's sex at birth.

Amidst this comprehensive list of other facts to be found by a jury, perhaps adopting the "fact of prior conviction" exception

22

in the extended term context was just a natural consequence of adopting Apprendi's general rule.  See Maugaotega, 115 Hawaiʻi at 446 n.15, 168 P.3d at 576 n.15 (positing that the prior conviction exception would apply to multiple concurrent convictions under HRS § 706-662(4), while acknowledging that "the [Hawaiʻi Supreme] Court has never directly addressed the issue" of the application of Apprendi's prior conviction exception.)

Because a mandatory minimum sentence as a repeat offender under HRS § 706-606.5 is warranted solely on the basis of prior convictions, however, whether the Apprendi "fact of prior conviction" exception truly fits within our state's statutory sentencing scheme comes into sharper focus in this appeal.  We hold that repeat offender sentencing under HRS § 706-606.5 involves more than a simple finding of the "fact" of prior conviction, thereby removing it from Apprendi's "fact of prior conviction" exception.  First, it must be proven that a prior conviction belongs to the defendant.  Second, the prior conviction must be enumerated under HRS § 706-606.5(1) or (4).  Third, the prior conviction must have occurred within the time frame set forth under HRS §§ 706-606.5(2), (3), or (4).  Lastly, Hawaiʻi case law requires proof that a defendant subject to mandatory minimum sentencing as a repeat offender was

represented by counsel, or had waived such representation, at the time of the prior conviction.  See Caldeira, 61 Haw. at 290, 602 P.2d at 933; Afong, 61 Haw. at 282, 602 P.2d at 929. Therefore, as a matter of state law, the Apprendi "fact of prior conviction" exception does not apply to prior convictions forming the basis of repeat offender sentencing pursuant to HRS § 706-606.5.[6]

Loher and Gonsalves are hereby overruled to the extent each held that the Apprendi rule applies only to extended term sentencing under HRS §§ 706-661, -662, and -664, and not to repeat offender mandatory minimum term sentencing under HRS § 706-606.5.  Loher, 118 Hawai'i at 534 n.8, 193 P.3d at 450 n.8 (citations omitted); Gonsalves, 108 Hawai'i at 297, 119 P.3d at 605.  Loher is further overruled to the extent it held that Apprendi's prior conviction exception would obviate any need for a defendant's predicate prior convictions to be found by a jury. Loher, 118 Hawai'i at 534 n.8, 193 P.3d at 450 n.8 (citations omitted).  As a result, a defendant is entitled to have a jury find beyond a reasonable doubt that his or her prior convictions

---

[6]     Consequently, although we agree with Auld (and with amicus curiae the Office of the Public Defender) that the United States Supreme Court will eventually overturn Almendarez-Torres and sweep away the prior conviction exception, we reach our holding today based on "adequate and independent state grounds."  See Michigan v. Long, 463 U.S. 1032, 1041-42 (1983).

trigger the imposition of a mandatory minimum sentence as a repeat offender under HRS § 706-606.5.

With these protections in place, repeat offender sentencing under HRS § 706-606.5, like extended term sentencing under HRS §§ 706-661, -662 and -664, cannot be considered an "ordinary sentencing" situation.  Consequently, to the extent it held otherwise, Drozdowski, 9 Haw. App. at 585, 854 P.2d at 240, is hereby overruled.  Further, whether a defendant was sentenced as a repeat offender consistent with the protections afforded him under the Hawaiʻi Constitution shall be reviewed under the right/wrong standard.  Lastly, we note that our holding affects HRS § 706-666 (2014), titled, "Definition of proof of conviction."  That statute provides

> (1) An adjudication by a court of competent jurisdiction that the defendant committed a crime constitutes a conviction for purposes of sections 706-606.5, 706-662, and 706-665, although sentence or the execution thereof was suspended, provided that the defendant was not pardoned on the ground of innocence.
> (2) Prior conviction may be proved by any evidence, including fingerprints records made in connection with arrest, conviction, or imprisonment, that reasonably satisfies the court that the defendant was convicted.

(Emphasis added).  With regard to repeat offender sentencing under HRS § 706-606.5, proof of prior conviction must be found by a jury beyond a reasonable doubt, not by the court under a "reasonabl[e] satisf[action]" standard.

On the issue of whether the prosecution must allege in the charging instrument that the defendant has prior convictions for

purposes of repeat offender sentencing, our case law interpreting article I, sections 5 and 10 of the Hawai'i Constitution requires "a charging instrument, be it an indictment, complaint, or information, [to] include all 'allegations, which if proved, would result in the application of a statute enhancing the penalty of the crime committed.'" Jess, 117 Hawai'i at 398, 184 P.3d at 150 (citations omitted). Alleyne clearly held that "[m]andatory minimum sentences increase the penalty for a crime." 133 S.Ct. at 2155. In the wake of Alleyne, then, we are compelled to hold that repeat offender sentencing under HRS § 706-606.5 "enhanc[es] the penalty of the crime committed." Therefore, under article I, sections 5 and 10 of the Hawai'i Constitution, the predicate prior conviction(s) must be alleged in the charging instrument in order for the defendant to ultimately be sentenced as a repeat offender.

Our case law on HRS § 706-606.5 has consistently emphasized that due process requires the State to give a defendant reasonable notice and an opportunity to be heard on the issue of mandatory minimum sentencing as a repeat offender. State v. Schroeder, 76 Hawai'i 517, 880 P.2d 192 (1994) (citing Freitas, 61 Haw. at 277, 602 P.2d at 915; State v. Caldeira, 61 Haw. 285, 289, 602 P.2d 930, 933 (1979); and State v. Melear, 63 Haw. 488,

499, 630 P.2d 619, 627-28 (1981)). Freitas, however, held "While due process does not require that notice be given prior to the trial of the underlying offense, it does require that a defendant to be sentenced under Act 181 [codifying the repeat offender statute] be given reasonable notice and afforded the opportunity to be heard." 61 Haw. at 277, 602 P.2d at 925) (citations omitted). See also Caldeira, 61 Haw. at 289-90, 602 P.2d at 933 (following Freitas and holding the notice requirements were satisfied when each defendant was apprised of the State's intent to seek repeat offender sentencing days before the sentencing hearing); Melear, 63 Haw. at 499, 630 P.2d at 628 (following Freitas and holding that the notice requirement was satisfied when defendant received the State's motion for repeat offender sentencing a month and a half before the first sentencing hearing); Schroeder, 76 Hawai'i at 531, 880 P.2d at 206 (following Freitas and noting that the defendant received notice before sentencing of only the State's intent to seek a single mandatory minimum term). Under Jess, as clarified by Alleyne, we now hold that the State provides "reasonable notice" to a defendant it seeks to sentence as a repeat offender when it alleges the defendant's predicate prior convictions in a charging instrument. To the extent the aforementioned cases hold that due process requires only that notice be given prior to sentencing, they are hereby overruled.

We are cognizant of the fact that we announce new rules in this case.  As such, we consider whether these new rules will be given

> (1) purely prospective effect, which means that the rule is applied neither to the parties in the law-making decision nor to those others against or by whom it might be applied to conduct or events occurring before that decision; (2) limited or "pipeline" retroactive effect, under which the rule applies to the parties in the decision and all cases that are on direct review or not yet final as of the date of the decision; or (3) full retroactive effect, under which the rule applies both to the parties before the court and to all others by and against whom claims may be pressed.

Jess, 117 Hawaiʻi at 401, 184 P.3d at 153 (internal citations and quotation marks omitted).  The "paradigm case" warranting a prospective-only application of a new rule arises "when a court expressly overrules a precedent upon which the contest would otherwise be decided differently and by which the parties may previously have regulated their conduct."  117 Hawaiʻi at 400, 184 P.3d at 152 (citing James B. Beam Distilling Co. v. Georgia, 501 U.S. 529, 534 (1991)).

In this case, Alleyne has compelled changes to our appellate precedent regarding whether the Apprendi rule applies to repeat offender mandatory minimum charging and sentencing under HRS § 706-606.5.  Absent Alleyne, Auld's sentence would have been affirmed under Loher, 118 Hawaiʻi 522, 193 P.3d 438, and Gonsalves, 108 Hawaiʻi 289, 119 P.3d 597, as the Apprendi rule had no application to repeat offender mandatory minimum

sentencing under HRS § 706-606.5, and, even if it did, the prior conviction exception would have applied.  In other words, we expressly overrule precedent upon which the "contest would otherwise be decided differently," which counsels in favor of a prospective-only application.  Jess, 117 Hawaiʻi at 400, 184 P.3d at 152 (citation omitted).

In the wake of Alleyne, Loher and Gonsalves are now overruled to the extent each held that the Apprendi rule did not apply to mandatory minimum sentencing of repeat offenders under HRS § 706-606.5.  As the first consequence of that overruling, we have had occasion to further scrutinize whether Apprendi's "fact of prior conviction" exception applies to mandatory minimum sentencing of repeat offenders under HRS § 706-606.5, and we hold that, as a matter of state law, it does not.  The second consequence of overruling Loher and Gonsalves by extending the Apprendi rule to repeat offender sentencing is that we also hold that Jess's rule requiring a charging instrument to include "all 'allegations, which if proved, would result in the application of a statute enhancing the penalty of the crime committed,'" now requires the State to allege the prior convictions it seeks to use as a basis for sentencing a defendant as a repeat offender, because "[m]andatory minimum sentences increase the penalty for a crime."  Jess, 117 Hawaiʻi at 398, 184 P.3d at 150; Alleyne, 133 S.Ct. at 2155.  In so

29

doing, we overrule Freitas (and those cases drawing on Freitas's holding), which concluded that due process in repeat offender sentencing "does not require that notice be given prior to the trial of the underlying offense[.]"  Thus, prior to this case, the "parties may previously have regulated their conduct" consistently with the rules set forth in Freitas, Loher and Gonsalves that did not require a charging instrument to allege predicate prior convictions, or a jury to find, beyond a reasonable doubt, that a defendant's prior convictions subject him or her to a mandatory minimum sentence as a repeat offender under HRS § 706-606.5.  This further counsels in favor of a prospective-only application.  Jess, 117 Hawai'i at 400, 184 P.3d at 152 (citation omitted).

As to how repeat offender sentencing procedures would look in the future, this court has suggested that information pertaining to sentencing may be introduced after the guilt phase of the trial has concluded.  See Maugaotega, 117 Hawai'i at 412, 184 P.3d at 164 (citing State v. Janto, 92 Hawai'i 19, 34-35, 986 P.2d 306, 321-22 (1999).  This is apparently the procedure described in Keohokapu, where the jury heard testimony concerning the offenses leading to defendant's prior convictions during the extended term sentencing phase of the trial.  127 Hawai'i at 96-101, 276 P.3d at 665-70.  As with other

constitutional rights, the defendant would also have the option of waiving a jury trial for repeat offender sentencing fact-finding, similar to the waiver option for extended term sentencing fact-finding. See HRS § 706-664(1) ("[T]he defendant shall have the right to hear and controvert the evidence against the defendant and to offer evidence upon the issue [of extended term sentencing] before a jury; provided that the defendant may waive the right to a jury determination under this subsection, in which case the determination shall be made by a court."). We do not foresee future changes to repeat offender sentencing procedures to be markedly different from extended term sentencing procedures.

## VI. Conclusion

We hold that, under article I, sections 5 and 10 of the Hawaiʻi Constitution, the State must allege the predicate prior conviction(s) in a charging instrument in order to sentence the defendant to a mandatory minimum sentence as a repeat offender under HRS § 706-606.5. We further hold that, as a matter of state law, Apprendi's "fact of prior conviction" exception does not apply to repeat offender sentencing under HRS § 706-606.5, and that a jury is required to find that the defendant's prior conviction(s) have been proved beyond a reasonable doubt to trigger the imposition of a mandatory minimum sentence under that statute. As these new rules result from the express

31

overruling of prior appellate precedent holding that the

Apprendi rule did not apply to mandatory minimum sentencing and

that notice of repeat offender sentencing did not need to be

given in a charging instrument, they are given prospective

effect only. Therefore, the ICA's judgment on appeal, which

affirmed the circuit court's judgment of conviction and

sentence, is affirmed.

Benjamin Lowenthal          /s/ Mark E. Recktenwald
for petitioner

                           /s/ Paula A. Nakayama

Artemio C. Baxa
for respondent                  /s/ Sabrina S. McKenna

                           /s/ Richard W. Pollack

                           /s/ Michael D. Wilson

