Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000210
19-APR-2018
08:43 AM

NO. CAAP-17-0000210

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
RODNEY HOPU, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 14-1-0147)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Acting Chief Judge, Leonard and Chan, JJ.)

Defendant-Appellant Rodney Hopu (Hopu) appeals from the February 23, 2017 "Order Denying [Hopu's] Motion For Reconsideration of Sentence" (Order) entered by the Circuit Court of the First Circuit[1] (Circuit Court).  After entering a no-contest plea, Hopu was convicted of Burglary in the Second Degree (Burglary Two) in violation of Hawaii Revised Statutes (HRS) § 708-811 (2014).[2]  Hopu was sentenced to a five-year term of imprisonment including a mandatory minimum term of two years to be served concurrently with any other term of imprisonment.

---

[1]     The Honorable Sherri-Ann L. Iha presided over the Motion for Reconsideration of Sentence.  The Honorable Dexter D. Del Rosario presided over the taking of the plea and sentencing.

[2]     HRS § 708-811 provides:

   (1) A person commits the offense of burglary in the second degree if the person intentionally enters or remains unlawfully in a building with intent to commit therein a crime against a person or against property rights.

   (2) Burglary in the second degree is a class C felony.

On appeal, Hopu claims the Circuit Court erred by denying his Motion for Reconsideration of Sentence because his sentence violated his right to due process where the charging document did not state that he would be subject to enhanced sentencing.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Hopu's point on appeal as follows and affirm.

Hopu claims the Circuit Court erred by denying his Motion for Reconsideration of Sentence because the Felony Information with which he was charged, in violation of Fifth Amendment to the United States Constitution and article I, section 14 of the Hawai'i Constitution, failed to plead that he would be subject to enhanced sentencing. Hopu appears to argue that due process required that the charging document expressly state he would be subject to a mandatory minimum term of imprisonment, the statutory basis for the minimum term, what the minimum sentence would be, and the reasons--including prior convictions--for the enhanced punishment.

The bulk of Hopu's argument relies on State v. Auld, 136 Hawai'i 244, 245, 361 P.3d 471, 472 (2015). However, recognizing that new rules of law were being announced in that case, the Auld court gave those rules "purely prospective effect, which means that the rule is applied neither to the parties in the law-making decision nor to those others against or by whom it might be applied to conduct or events occurring before that decision[.]" Auld, 136 Hawai'i at 255, 361 P.3d at 482 (emphasis added) (quoting State v. Jess, 117 Hawai'i 381, 401, 184 P.3d 133, 153 (2008)). Hopu's Felony Information was filed on February 4, 2014, and the Auld decision was filed on November 24, 2015. Therefore, Auld does not apply to Hopu's case.

Hopu also argues that Hawai'i case law prior to Auld supports his argument that he was "entitled to have the mandatory minimum enhancement allegations pled in the charging instrument in this matter[,]" in particular, Jess, 117 Hawai'i at 398, 184 P.3d at 150. In Jess, the Hawai'i Supreme Court held "that a

2

charging instrument, be it an indictment, complaint, or information, must include all 'allegations, which if proved, would result in the application of a statute enhancing the penalty of the crime committed.'" 117 Hawai'i at 398, 184 P.3d at 150 (quoting State v. Apao, 59 Haw. 625, 636, 586 P.2d 250, 258 (1978) and citing State v. Estrada, 69 Haw. 204, 230, 738 P.2d 812, 829 (1987)). However, prior to Auld, this requirement had never been applied to allegations of prior convictions for the purpose of imposing a mandatory minimum as a repeat offender and the Auld court's recognition that it was pronouncing a new rule of law belies this claim.

Hopu also appears to argue that the Felony Information was deficient for failing to specify that HRS § 706-606.5 (Supp. 2017) is the section under which Hopu would sentenced as a repeat offender. Again, published case law prior to Auld did not make this a requirement. In any event, this court has rejected this claim in the past. State v. Talamoa, 138 Hawai'i 137, 377 P.3d 1055, No. CAAP-15-0000153, 2016 WL 2941095 at *2 (App. May 17, 2016) (SDO) (citing State v. Auld, 134 Hawai'i 475, 344 P.3d 359, No. CAAP-13-0002894, 2015 WL 356288 at *1 (App. Jan. 27, 2015) (SDO), aff'd, 136 Hawai'i 244, 361 P.3d 471), cert. denied SCWC-15-0000153, 2016 WL 4366800 (Aug. 15, 2016) which held the pre-Auld authority did not require pleading the possibility of repeat offender sentencing).

The Hawai'i Supreme Court has expressly stated "[w]hile due process does not require that notice be given prior to the trial of the underlying offense, it does require that a defendant to be sentenced under HRS § 706-606.5 be given reasonable notice and afforded the opportunity to be heard." Id. (internal quotation marks omitted) (citing Auld, 2015 WL 356288 at *2 (quoting State v. Freitas, 61 Haw. 262, 602 P.2d 914 (1979))). Hopu's change of plea form and the transcript of his change of plea reveal that he acknowledged he was subject to a mandatory minimum term of imprisonment. Hopu did not challenge the applicability of repeat offender sentencing at his change of plea, nor did he subsequently move to withdraw his plea

prior to or at sentencing.  On this record, Hopu was given notice and opportunity to be heard on this issue.

For the foregoing reasons, the February 23, 2017 Order Denying Defendant's Motion For Reconsideration of Sentence entered by the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawai'i, April 19, 2018.

On the briefs:

Shawn A. Luiz,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Acting Chief Judge

Associate Judge

Associate Judge