**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000504
15-JAN-2025
08:02 AM
Dkt. 42 SO**

NO. CAAP-21-0000504

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellant,
v.
BRIAN LEE SMITH, Defendant-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CPC-18-0000543)


SUMMARY DISPOSITION ORDER
(By:  Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

This appeal addresses whether a sentencing enhancement factor is an element requiring proof of a state of mind, which must be pled in an indictment.  We hold that it is not.

Plaintiff-Appellant State of Hawai'i (**State**) appeals from the Circuit Court of the Third Circuit's (**Circuit Court**)[1]

---

[1]    The Honorable Wendy M. DeWeese presided.

September 9, 2021 "Order Granting [Defendant-Appellee Brian Lee Smith (**Smith**)]'s Motion to Strike HRS §706-660.1 Enhancement for Counts 1 and 2 Indictment" (**Order Granting Motion to Strike**), in which the Circuit Court ruled that pursuant to State v. Auld, 136 Hawaiʻi 244, 361 P.3d 471 (2015),[2] Hawaii Revised Statutes (**HRS**) § 706-660.1[3] "is an enhancement, and thus an element," requiring a state of mind that must be pled in the Indictment.

On appeal, the State challenges various conclusions[4] the Circuit Court made in its Order Granting Motion to Strike, all of which turn on the dispositive question of whether a sentencing enhancement factor is an element requiring proof of a state of mind.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve the State's challenge as follows, and vacate and remand.

This is the second appeal from the underlying case, in which a jury convicted Smith of second-degree murder in Count 1; the included offense of first-degree reckless endangering (originally attempted second-degree murder) in Count 2; felon in

---

[2]   In Auld, the Hawaiʻi Supreme Court held that because mandatory minimum sentencing enhancements did "increase the penalty for a crime[,]" the predicate facts for such enhancement must be submitted to a jury and such allegations must be included in the charging instrument.  136 Hawaiʻi at 247-48, 361 P.3d at 474-75 (citation omitted).

[3]   HRS § 706-660.1 (2014), entitled "Sentence of imprisonment for use of a firearm, semiautomatic firearm, or automatic firearm in a felony," provides for a mandatory minimum term of imprisonment where "[a] person convicted of a felony" possessed, threatened the use of, or used a firearm "while engaged in the commission of the felony[.]"  The mandatory minimum terms range from 15 years for murder offenses down to three years for the lowest felony offense.  Id.

[4]   The State challenges one finding that we deem a conclusion of law.

possession of a firearm in Count 4; felon in possession of ammunition in Count 5; and using a firearm in the commission of a separate felony in Count 6. The convictions stemmed from an incident on June 23, 2018, in which Smith shot and killed Thomas Ballesteros, Jr. (**Ballesteros**), and shot and injured Nikolaus Jason Slavik (**Slavik**). State v. Smith, NO. CAAP-19-0000490, 2020 WL 5122952, at *1 (Haw. App. Aug. 31, 2020) (mem. op.). Smith appealed his 2019 convictions in a prior appeal, CAAP-19-0000490, on numerous grounds unrelated to the issue presented in this appeal. See id. at *2. This court affirmed Smith's convictions in Counts 4 and 5, and vacated the convictions in Counts 1, 2 and 6, and remanded for further proceedings. Id. at *8.

On remand, Smith filed the motion relevant to this appeal, to strike the HRS § 706-660.1 sentencing enhancement language in Counts 1 and 2. In the State's July 9, 2018 Indictment, both the charge of second-degree murder against Ballesteros in Count 1, and the original charge of attempted second-degree murder against Slavik in Count 2, identically alleged the sentencing enhancement as follows:

COUNT 1 (C18017673/KN)

On or about the 23rd day of June, 2018, in Kona, County and State of Hawai'i, BRIAN LEE SMITH intentionally or knowingly caused the death of another person, THOMAS BALLESTEROS, JR., thereby committing the offense of Murder in the Second Degree, in violation of Section 707-701.5(1), [HRS], as amended. It is further alleged that [Smith] is subject to sentencing in accordance with Section 706-660.1, [HRS], where he had a firearm in his possession or threatened its use or used the firearm while engaged in the commission of the felony offense, whether the firearm was loaded or not, and whether operable or not.

COUNT 2 (C18017740/KN)

On or about the 23rd day of June, 2018, in Kona, County and State of Hawai'i, BRIAN LEE SMITH intentionally engaged in conduct, which, under the circumstances as he believed them to be, constituted a substantial step in the course of conduct intended to culminate in his commission of the crime of Murder in the Second Degree, said crime being intentionally or knowingly caused the death of another person, NIKOLAUS SLAVIK, thereby committing the offense of Attempted Murder in the Second Degree, in violation of Section 705-500 and 707-701.5, [HRS], as amended.  <u>It is further alleged that [Smith] is subject to sentencing in accordance with Section 706-660.1, [HRS], where he had a firearm in his possession or threatened its use or used the firearm while engaged in the commission of the felony offense, whether the firearm was loaded or not, and whether operable or not.</u>

(Emphases added.)  Relying on <u>Auld</u>, 136 Hawai'i 244, 361 P.3d 471, Smith argued the State failed to allege "the applicable state of mind with respect to sentencing enhancements . . . in [the] charging instrument" because the sentencing enhancement statute is an "element"; and HRS § 702-204[5] requires a state of mind for "each element of the offense."  The State opposed, on grounds that no case law or statute required enhancements under HRS § 706-660.1 to include a mens rea; that "enhancements aren't elements"; and that <u>Auld</u> only held that "enhancements have to be part of the charge" and did not require a mens rea.

On September 9, 2021, the Circuit Court filed the Order Granting Motion to Strike, in which it concluded that: "HRS §706-660.1 is an enhancement, and thus an element, pursuant to the holding of *State v. Auld*"; and that the "complaint in this case fail[ed] to state what the state of mind is for the elements of HRS §706-660.1."  The State timely appealed.

---

[5]    HRS § 702-204 (2014), entitled "State of mind required," provides that "a person is not guilty of an offense unless the person acted intentionally, knowingly, recklessly, or negligently, as the law specifies, <u>with respect to each element of the offense</u>."  (Emphasis added.)

4

On appeal, the State argues that HRS Chapter 702 does not apply to HRS § 706-660.1, because the latter statute "is not charging an offense" and is "intended only to be a sentencing enhancement factor." The State contends the Circuit Court's reliance on Auld was incorrect, and that under State v. Wagner, 139 Hawai'i 475, 394 P.3d 705 (2017), "sentencing enhancement factors are not elements under the meaning of HRS §702-205, and thus HRS §702-204 does not apply."[6] These arguments have merit.

In Wagner, the Hawai'i Supreme Court held that a sentencing enhancement factor is "not an element of the offense." 139 Hawai'i at 480-82, 394 P.3d at 710-12. Wagner involved the imposition of a mandatory minimum term of imprisonment pursuant to a specific provision for such sentencing in the first-degree methamphetamine trafficking statute, HRS § 712-1240.7, based on a prior felony conviction. Id. at 476-77, 394 P.3d at 706-07. On appeal, the defendant argued that he was prejudiced by the introduction of his prior conviction at trial, and that his stipulation to the fact of his prior conviction "should have 'effectively removed that element of the crime from the charge.'" Id. at 479, 394 P.3d at 709 (brackets omitted). The supreme court held, inter alia, that the circuit court erred by treating the defendant's prior conviction "as an element of the offense, rather than a sentencing enhancement factor." Id. at 480, 394 P.3d at 710.

Smith's reliance on Auld is misplaced because Auld did not hold that sentencing enhancement factors were "elements"

---

[6]      HRS § 702-205 (2014), entitled "Elements of an offense," provides: "The elements of an offense are such (1) conduct, (2) attendant circumstances, and (3) results of conduct, as: (a) Are specified by the definition of the offense, and (b) Negative a defense . . . ." (Emphasis added.)

within the meaning of HRS § 702-204.  Rather, <u>Auld</u> simply required the facts supporting the enhancement to be alleged in the charging document and submitted to the jury.  <u>See</u> 136 Hawaiʻi at 247-48, 257, 361 P.3d 474-75, 484.

Here, the sentencing enhancement under HRS § 706-660.1 for using a firearm in the commission of a felony is not an element of the underlying offenses in Counts 1 and 2, but only applies post-conviction, after the defendant "is convicted of a felony[,]" meaning the elements of the predicate offenses are already proven.  <u>See</u> <u>Wagner</u>, 139 Hawaiʻi at 480-85, 394 P.3d at 710-15.  HRS § 706-660.1 applies within a post-conviction sentencing context, ***after*** "[a] person [is] convicted of a felony," and is one of the numerous sentencing dispositions under HRS Chapter 706 governing "Disposition of Convicted Defendants."  The factual predicate that a firearm be used in the commission of a felony offense for sentencing under HRS § 706-660.1 is not the equivalent of an element of an offense to which the state of mind requirements under HRS §§ 702-204 and 702-205 apply.  <u>See</u> <u>Barker v. Young</u>, 153 Hawaiʻi 144, 148, 528 P.3d 217, 221 (2023) ("Statutory interpretation is a question of law reviewable de novo." (citation omitted)).  The Circuit Court's conclusions in this regard were error.  <u>See</u> <u>State v. Rodrigues</u>, 145 Hawaiʻi 487, 494, 454 P.3d 428, 435 (2019) (reviewing conclusions of law de novo).

Because the sentencing enhancement factor under HRS § 706-660.1 is not an element of an offense that requires a state of mind, a state of mind for the HRS § 706-660.1 enhancement was not required to be pled in the Indictment, and the Circuit Court erroneously granted the Motion to Strike the sentencing enhancements in Counts 1 and 2.  <u>Cf.</u> <u>State v. Tran</u>,

154 Hawaiʻi 211, 217, 549 P.3d 296, 302 (2024) ("The question of whether a charge sets forth all the essential elements of a charged offense is a question of law that this court reviews de novo under the right/wrong standard." (citation omitted)).

For the foregoing reasons, we vacate the September 9, 2021 Order Granting Motion to Strike, filed by the Circuit Court of the Third Circuit, and remand for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, January 15, 2025.

On the briefs:

Charles E. Murray, III,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellant.

Jason R. Kwiat,
for Defendant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge