**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000810**
**08-NOV-2018**
**07:51 AM**

NO. CAAP-16-0000810

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MARK MEANS, also known as
MARK EDWARD MEANS, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 15-1-0811)

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Fujise and Reifurth, JJ.)

Defendant-Appellant Mark Means appeals from the
October 21, 2016 Judgment of Conviction and Sentence; Notice of
Entry ("Judgment") entered by the Circuit Court of the Second
Circuit ("Circuit Court").[1][2] Means was convicted by a jury of
Theft in the Second Degree, in violation of Hawaii Revised
Statutes ("HRS") section 708-831(1)(b) (2014),[3] and subsequently
sentenced as a repeat offender to a mandatory minimum of five
years incarceration without the possibility of parole in addition
to other fees and fines.

---

[1]    The Honorable Joseph E. Cardoza presided.

[2]    The Judgment incorrectly reflects that Means entered a "GUILTY"
plea in the portion of the Judgment form labeled "DEFENDANT'S PLEA". As set
forth *infra*, we remand this case for correction of the error in the Judgment.

[3]    The statute provides, in relevant part, "A person commits the
offense of theft in the second degree if the person commits theft: . . . (b)
Of property or services the value of which exceeds $300[.]" Haw. Rev. Stat.
§ 708-831(1)(b).

On appeal, Means alleges that (1) he was deprived of his constitutional right to effective assistance of counsel; (2) the Circuit Court abused its discretion in allowing Sears Asset Protection Manager Arthur Wake to testify to the value of the subject merchandise and in receiving the printed Sears receipt ("Receipt") into evidence; and (3) the Circuit Court erred in sentencing Means as a repeat offender where the State failed to prove Means' prior convictions to a jury beyond a reasonable doubt in violation of *State v. Auld*, 136 Hawai'i 244, 361 P.3d 471 (2015).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we affirm.

(1) In his first point of error, Means alleges that his defense counsel was constitutionally ineffective because counsel's decision to adduce evidence that Means was homeless and unemployed had no relevance to the defense that Means did not possess the requisite state of mind as to the value of the stolen merchandise, and was highly prejudicial, resulting in the withdrawal or substantial impairment of a potentially meritorious defense.

A defendant who raises a claim of ineffective assistance of counsel bears the burden of proving "1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." *State v. Richie*, 88 Hawai'i 19, 39, 960 P.2d 1227, 1247 (1998) (quoting *State v. Fukusaku*, 85 Hawai'i 462, 480, 946 P.2d 32, 50 (1997)). "General claims of ineffectiveness are insufficient and every action or omission is not subject to inquiry." *State v. Poaipuni*, 98 Hawai'i 387, 392, 49 P.3d 353, 358 (2002) (quoting *State v. Pacheco*, 96 Hawai'i 83, 93, 26 P.3d 572, 582 (2001)). Counsel's allegedly erroneous actions or omissions "which had an obvious tactical basis for benefitting the defendant[']s case will not be subject to further scrutiny." *Id.* (emphasis omitted)

2

(quoting *Pacheco*, 96 Hawai'i at 93, 26 P.3d at 582).

In furthering his defense that Means lacked the requisite state of mind to steal merchandise with an aggregate value of over $300, defense counsel stressed in closing that "[Means is] not an electronic calculator, and he's not a cash register. He's a homeless man who, apparently, went into Sears seeking shelter . . . [He] is a homeless man that is clearly taking a tent for whatever purpose he would -- a homeless person would take a tent." From this portrayal of Means as a homeless man seeking shelter and in need of a tent, it is apparent that counsel adduced the fact that Means was homeless as a trial strategy to evoke sympathy from the jury or to depict Means as someone who was attempting to satisfy a basic human need for shelter and who would not, therefore, have considered or known the price or value of the tent he was taking.

Accordingly, this court will not second-guess defense counsel's apparent trial strategy of apprising the jury that defendant was homeless and unemployed and was in apparent need of shelter and a tent. *See Poaipuni*, 98 Hawai'i at 392, 49 P.3d at 358 ("Specific actions or omissions alleged to be error but which had an obvious tactical basis for benefitting the defendants case will not be subject to further scrutiny." (emphasis omitted)); *Richie*, 88 Hawai'i at 39, 960 P.2d at 1247 ("[M]atters presumably within the judgment of counsel, like *trial strategy*, will rarely be second-guessed by judicial hindsight." (quoting *State v. Smith*, 68 Haw. 304, 311, 712 P.2d 496, 501 (1986))); *accord State v. Faamama*, No. CAAP-12-0000987, 2014 WL 2815493, at *1 (Hawai'i Ct. App. June 20, 2014).

Therefore, Means was not deprived of his constitutional right to effective assistance of counsel on the basis of defense counsel's soliciting testimony and later commenting in closing that Means was homeless and unemployed.

(2) In his second point of error, Means alleges that the Circuit Court abused its discretion in allowing Wake to testify to the value of the stolen merchandise, both as reflected on the tags on the shelves and on the Receipt, and in receiving the Receipt into evidence, where the State failed to lay the

3

requisite foundation.

In theft cases, HRS section 708-830(8) (2014) authorizes that proof of "[t]he unaltered price or name tag or other marking on goods or merchandise, duly identified photographs or photocopies thereof, or *printed register receipts* shall be prima facie evidence of value and ownership of such goods or merchandise." Haw. Rev. Stat. § 708-830(8) (emphasis added).[4] Here, the State produced the Receipt as evidence of the aggregate value of the stolen merchandise. Wake was present when the stolen merchandise was scanned and the Receipt was generated, had personal knowledge of the pricing system as a former "consumer electronics associate" for Sears, and had been trained in the same procedure used to generate the Receipt. Wake testified that, per protocol, a manager, whom he could identify by "associate number," produced the Receipt with an "office register" which is used in complex returns and in generating receipts for theft.

Means asserts that the State failed to lay the requisite foundation to admit the Receipt under HRS section 708-

---

[4]    Stated in full, the relevant subsection of the statute provides:

A person commits theft if the person does any of the following:

. . . .

(8)    Shoplifting.

(a)    A person conceals or takes possession of the goods or merchandise of any store or retail establishment, with intent to defraud.

. . . .

The unaltered price or name tag or other marking on goods or merchandise, duly identified photographs or photocopies thereof, or *printed register receipts shall be prima facie evidence of value and ownership of such goods or merchandise.* Photographs of the goods or merchandise involved, duly identified in writing by the arresting police officer as accurately representing such goods or merchandise, shall be deemed competent evidence of the goods or merchandise involved and shall be admissible in any proceedings, hearings, and trials for shoplifting to the same extent as the goods or merchandise themselves.

Haw. Rev. Stat. § 708-830(8)(a) (emphasis added).

4

830(8). To this end, Means appears to equate the analysis for a purported-"printed register receipt" with the analysis for the business records exception to hearsay. Means, however, fails to establish that the Receipt's admissibility as a "printed register receipt" is contingent upon its admissibility under the business records exception, and does not argue on appeal that the Receipt itself is hearsay. Moreover, neither the parties nor the Circuit Court discussed whether the Receipt was a "business record" in the proceedings below. Accordingly, Means fails to show that the Circuit Court abused its discretion in receiving the Receipt into evidence as a "printed register receipt" under HRS section 708-830(8).

(3) In his final point of error, Means alleges that the Circuit Court erred in sentencing him as a repeat offender because the State failed to prove his prior convictions to a jury beyond a reasonable doubt pursuant to *Auld*, 136 Hawai'i 244, 361 P.3d 471. Means argues that the prospective holding in *Auld* applies to the instant case because his sentencing proceeding was the "triggering 'event'" and therefore the Circuit Court's failure to require that the State prove Means' prior convictions to a jury beyond a reasonable doubt violated his due process rights under the Hawai'i Constitution.

Means misidentifies the triggering event. *See State v. Hopu*, No. CAAP-17-0000210, 2018 WL 1871077, at *1 (Hawai'i Ct. App. Apr. 19, 2018), *cert. denied* 2018 WL 4692332 (Hawai'i Oct. 1, 2018) (Hopu was sentenced after *Auld* was issued. Nevertheless, "Hopu's Felony Information was filed on February 4, 2014, and the *Auld* decision was filed on November 24, 2015. Therefore, *Auld* does not apply to Hopu's case."). Means' Felony Information was filed on September 8, 2015, more than two months before *Auld* was issued. Accordingly, *Auld* does not apply to this case. The Circuit Court, therefore, did not err in sentencing Means as a repeat offender without requiring the State to prove Means' prior convictions to a jury beyond a reasonable doubt.

Therefore, IT IS HEREBY ORDERED that the October 21, 2016 Judgment of Conviction and Sentence; Notice of Entry entered by the Circuit Court of the Second Circuit is affirmed, except

that we remand the case to correct the error in the Judgment as referenced in footnote 2 herein.

DATED:   Honolulu, Hawai'i, November 8, 2018.


On the briefs:

Randall K. Hironaka
(Miyoshi & Hironaka, LLLC)
for Defendant-Appellant.

Peter A. Hanano,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge