**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000834
16-OCT-2020
07:48 AM
Dkt. 211 SO**

NO. CAAP-17-0000834

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


CHRIS SLAVICK, Petitioner-Appellant,
v.
STATE OF HAWAIʻI, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(SPP. NO. 16-1-0004; CR. NO. 04-1-1534)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Chan, JJ.)

Petitioner-Appellant Chris Slavick (**Slavick**) appeals *pro se* from the October 10, 2019 Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner From Custody (**Order Denying Petition**) entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]

In his Opening Brief, Slavick raises various "Issues on Appeal," but fails to identify points of error and otherwise fails to comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**)

---

[1] The Honorable Karen T. Nakasone presided.

Rule 28(b)(4). Nevertheless, in light of Slavick's *pro se* status and in the interest of justice, we address the discernible issues raised in this appeal.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Slavick's contentions as follows:

### 1. Minimum Term of Imprisonment

Slavick argues that the Hawaiʻi Paroling Authority (**HPA**) erred in setting his minimum term of imprisonment. However, Slavick's arguments on this point are moot without exception because his minimum term expired on April 10, 2019. See In re Carl Corp. v. State, Dep't of Educ., 93 Hawaiʻi 155, 164, 997 P.2d 567, 576 (2000). See also Right to Know Comm. v. City Council, 117 Hawaiʻi 1, 8, 175 P.3d 111, 118 (App. 2007); Hopkins v. State, CAAP-12-0000230, 2013 WL 4522598, *1 (Haw. App. Aug. 23, 2013) (SDO); Fukumoto v. State, CAAP-11-0000791, 2012 WL 5897411, *1 (Haw. App. Nov. 21, 2012) (SDO).

### 2. Judicial Bias – Judge Nakasone

Slavick argues that Judge Nakasone, who denied Slavick's February 18, 2016 Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner From Custody, and June 21, 2017 Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner From Custody (**Petition**), "confessed to her being conflicted and partial due to her involvement, at least, in

Civil cases 1CC151001557 and 1CC151001683" and "since both of the latter Civil cases preceded CR 13-1-1461 and SPP 16-1-0004 regarding the assignment/involvement of [J]udge Nakasone with her then conceding her disqualification in CR 13-1-1461, likewise, [J]udge Nakasone is also disqualified from SPP 16-1-00004 and her denial of my Petition is null and void."

Slavick does not state where in the record Judge Nakasone indicated she had a conflict of interest or that Slavick moved Judge Nakasone to recuse herself, and we find no evidence of such in the record.  See HRAP Rule 28(b)(4)(ii) and (iii). Moreover, a judge's involvement in prior cases involving the same defendant does not necessarily create a conflict of interest. Therefore, Slavick has failed to demonstrate clearly and precisely that Judge Nakasone was prejudiced against him.  See State v. Birano, 109 Hawaiʻi 314, 323, 126 P.3d 357, 366 (2006).

### 3.    Ineffective Assistance of Counsel

Slavick argues that Earl Partington (**Partington**), who represented Slavick on direct appeal, provided Slavick with ineffective assistance for refusing "to cite meritorious appeal issues that [Slavick] raised to him."[2]  Slavick argues, among

---

[2]    Slavick argues:

> Partington failed to cite that [Respondent-Appellee State of Hawaiʻi (**State**)] never carried any burden for the mistrial and the prosecution utilized the trial as a preview of the defense.  [Partington] failed to raise the significant and obvious issue of the prosecution using a new expert witness, an alternate theory, and new evidence of an interview audio

(continued...)

other things, that Richard Gronna (**Gronna**), Slavick's stand-by counsel at retrial, failed to timely file a Motion for New Trial/Rule 33 and Motion for Acquittal/Rule 29(c), refused to communicate with Slavick so that Slavick could prepare for retrial, refused to assist Slavick zealously and at crucial times during retrial,[3] and improperly apprised the prosecution about Slavick's evidence and trial strategy.

Based on the record before this court, it is unclear whether counsels' actions reflected "specific errors or omissions reflecting [a] lack of skill, judgment, or diligence." State v. Aplaca, 74 Haw. 54, 67, 837 P.2d 1298, 1305 (1992); see Loher v. State, 118 Hawaiʻi 522, 534, 193 P.3d 438, 450 (App. 2008), overruled on other grounds in State v. Auld, 136 Hawaiʻi 244, 361 P.3d 471 (2015) ("[I]n the absence of a sufficient record on this

_____

[2](...continued)
recording that they chose not to use at trial, yet they then used at retrial in order to enhance their ability to convict -- such tactics are flagrant violations of the Double Jeopardy Clause and are strictly forbidden. . . . . Further evidence of ineffectiveness was [Partington's] failure to cite prosecutor misconduct when DPA Yamane falsely claimed to the jury that she was quoting Slavick to have said "Yeah, I read them" as she referenced the medication label in this instant case[.] . . . . [Partington] even committed FRAUD in his Opening Brief[.] . . . . [H]e also failed to appeal the failure by [retrial stand-by counsel, Richard Gronna] to timely file the Motion for New Trial/Rule 33 and Motion for Acquittal/Rule 29(c)[.] . . . . Partington attempted to prejudicially harm Slavick's appeal case.

[3]     Slavick's first trial resulted in a mistrial, and he was subsequently retried and convicted of Promoting a Harmful Drug in the First Degree, in violation of Hawaii Revised Statutes § 712-1244(1)(a), for possessing ten or more capsules, tablets, or doses, of methandrostenolene (methandienone), a steroid. Judge Karen S.S. Ahn (**Judge Ahn**) presided over the retrial.

4

appeal, including an opportunity for Loher's former appellate counsel to be heard, we must remand for the development of such a record on the issue of whether Loher had ineffective assistance of appellate counsel.").  We conclude that the Circuit Court erred by denying the Petition without holding a hearing on these issues.

Slavick waived his remaining arguments because he failed to raise them on direct appeal and does not present extraordinary circumstances justifying his failure to raise them. See Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40(a)(3).  See also, e.g., Stanley v. State, 76 Hawaiʻi 446, 451, 879 P.2d 551, 556 (1994); Loher, 118 Hawaiʻi at 531, 193 P.3d at 447.  In any case, as discussed below, it appears that Slavick's further arguments lack merit.

### 4.    Prosecutorial Misconduct

### a.    Slavick's Cross-Examination

Slavick argues that counsel for the State committed prosecutorial misconduct by continuously objecting during Slavick's cross-examination of pharmacist Kevin Ho (**Ho**), and that the State and Circuit Court committed misconduct by obstructing Slavick's opening statement and his cross-examination of U.S. Border and Customs agent Gail Fukunaga (**Fukunaga**).  However, during Slavick's opening statement, the State objected numerous times on the basis that Slavick was presenting arguments, and the

Circuit Court sustained most of the objections.  Slavick did not claim that the prosecutor or court were committing misconduct.

Further, during Slavick's cross-examination of Fukunaga, counsel for the State articulated bases for all but four of her objections, and Slavick did not complain that counsel was committing prosecutorial misconduct.  During Slavick's cross-examination of Ho, the State's counsel articulated a basis for all but one of her objections, and, again, Slavick did not object.  See State v. Vliet, 91 Hawaiʻi 288, 299, 983 P.2d 189, 200 (1999) ("A complete failure to object will waive the point[.]").

### b.   State's Closing Argument

Slavick appears to argue that the Circuit Court erroneously rejected his claim that the prosecution misquoted him to the jury (as saying "Yeah, I read them"), in reference to the labels on the pharmacy bottles, and played an interview recording to "coincide" with her misstatement to falsely prove Slavick possessed the requisite "knowing" state of mind.  However, during closing argument, a prosecutor is "permitted to draw reasonable inferences from the evidence and wide latitude is allowed in discussing the evidence."  State v. Klinge, 92 Hawaiʻi 577, 592, 994 P.2d 509, 524 (2000) (citation and internal quotation marks omitted).  Further, there was evidence that Slavick read the labels, and "it is . . . within the bounds of legitimate argument for prosecutors to state, discuss, and comment on the evidence as

well as to draw all reasonable inferences from the evidence."
Id. (citation and internal quotation marks omitted).

### 5. Jury Instructions on Mistake of Fact and Mistake of Law

Slavick argues the trial court erroneously instructed the jury on mistake of fact and mistake of law, which Slavick did not request and which was inconsistent with his defense. However, at retrial, no party objected to jury instruction No. 34 (Mistake of Fact) being given, and the State, not Slavick, objected to the jury instruction No. 35 (Mistake of Law). Slavick did not object when the Circuit Court gave the jury the instructions. See Vliet, 91 Hawaiʻi at 298-99, 983 P.2d at 199-200. Slavick does not contend that the instructions were a wrong statement of the law. We conclude that Slavick's argument is without merit.

### 6. Transcripts

Slavick argues that the Circuit Court erred and violated his rights to due process and confrontation when it failed "to provide and . . . assure that first trial transcripts [were] provided to [Slavick] in order for him to have any meaningful opportunity to prepare" for his retrial. Slavick fails to meet his burden to cite to where in the record that he requested the transcripts or informed the Circuit Court that he did not receive them. See HRAP Rule 28(b)(4)(ii) and (iii); State v. Adler, 108 Hawaiʻi 169, 178, 118 P.3d 642, 661 (2005).

7

Regardless, the record does not support Slavick's claim that he was deprived of the trial transcripts prior to retrial.

Further, at retrial, Slavick did not claim that he had not been provided with the first trial transcripts or that he had inadequate time to review the transcripts, and Slavick used several transcripts during cross-examination of the State's witnesses. This argument is without merit.

**7.    Interview CD**

Slavick argues that the Circuit Court broke its promise to allow him to utilize the court's audio equipment the week of February 4, 2013, so he could listen to a CD of an October 28, 2003 interview of him, since he lacked the means to do so in prison, and he was unable to hear the recording until the day before or of trial. Slavick does not show where in the record the Circuit Court made such a promise. See HRAP Rule 28(b)(4)(ii). The record shows that Slavick was provided with an opportunity to listen to the CD of the interview one day prior to the retrial and he did not object or request a trial continuance on the ground that he had an inadequate amount of time to review the CD. See Vliet, 91 Hawaiʻi at 298-99, 983 P.2d at 199-200. The Circuit Court did not err in rejecting this argument.

**8.    Discovery Violation**

Slavick appears to argue that during discovery, the prosecution provided him with a transcript of an October 28, 2003 interview with him, in which the words "sell them over here" had

8

been falsely attributed to Slavick to prove he possessed the requisite intent.  However, a transcript of the interview was not offered or received into evidence and, therefore, any error was harmless.

### 9.  Judicial Bias – Judge Ahn

Slavick argues that prior to retrial, on October 17, 2012, Circuit Court Judge Ahn exhibited bias against him when she said, "'if you were a person that I felt:  A, would not reoffend:' as she distinctly refers to the charge of 'promoting a harmful drug' with her specific alphabetical separation." However, the record makes clear that the remark pertained to the grounds for denying Slavick's request to reduce bail and was not a pronouncement regarding his guilt.  Slavick has not shown "a clear and precise demonstration of prejudice." Birano, 109 Hawaiʻi at 323, 126 P.3d at 366 (block quotation format and citation omitted).  Therefore, this argument is without merit.

### 10.  Perjury by State's Witnesses

Slavick argues that the State's witnesses perjured themselves at retrial.  However, Slavick did not raise these issues in the Petition and fails to demonstrate grounds for their review on this appeal.  Accordingly, we decline to address these issues.

For these reasons, this case is remanded to the Circuit Court for a hearing pursuant to Hawaiʻi Rules of Penal Procedure Rule 40 on Slavick's claims of ineffective assistance of counsel,

and in all other respects, the Circuit Court's October 10, 2019

Order Denying Petition is affirmed.

        DATED: Honolulu, Hawaiʻi, October 16, 2020.

On the briefs:

Chris Slavick,
Petitioner-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Respondent-Appellee.

Diane K. Taira,
Lisa M. Itomura,
Deputy Attorneys General,
for Respondent-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Derrick H.M. Chan
Associate Judge