**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000905
27-OCT-2022
07:51 AM
Dkt. 52 SO**

NO. CAAP-18-0000905

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
CONCEPCION C. PASION, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 1FFC-18-0001036)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant Concepcion Pasion, aka Cyryna Pasion (**Pasion**), appeals from the Judgment of Conviction and Sentence; Notice of Entry (**Judgment**) entered by the Family Court of the First Circuit (**Family Court**) on October 24, 2018.[1] After a jury trial, Pasion was found guilty of violating an October 2, 2017 Order for Protection (**Order for Protection**) in violation of Hawaii Revised Statutes (**HRS**) § 586-11(a) (Supp. 2017) and was

---

[1] The Honorable Rowena A. Somerville presided.

sentenced pursuant to HRS § 586-11(a)(2)(A).[2] Pasion was sentenced to two years of probation, with thirty days of imprisonment.

Pasion raises three points of error on appeal, contending that the Family Court: (1) plainly erred by presenting the jury with a defective violation of an order for protection elements instruction, in violation of Pasion's due process and fair trial rights; (2) plainly erred in (a) concluding that the requirements of HRS § 586-11(a)(2)(A) constituted sentencing factors, rather than elements of the offense which were required to be proven to the jury beyond a reasonable doubt, in violation of State v. Auld, 136 Hawaiʻi 244, 361 P.3d 471 (2015); and (b) failing to colloquy Pasion about

---

[2]    HRS § 586-11 states, in pertinent part:

   **§ 586-11  Violation of an order for protection**.  (a) Whenever an order for protection is granted pursuant to this chapter, a respondent or person to be restrained who knowingly or intentionally violates the order for protection is guilty of a misdemeanor.  A person convicted under this section shall undergo domestic violence intervention at any available domestic violence program as ordered by the court. The court additionally shall sentence a person convicted under this section as follows:

   . . . .

   (2) For a second conviction for violation of the order for protection:
         (A)    That is in the nature of non-domestic abuse, and occurs after a first conviction for violation of the same order that was in the nature of non-domestic abuse, the person shall be sentenced to a mandatory minimum jail sentence of not less than forty-eight hours and be fined not more than $250; provided that the court shall not sentence a defendant to pay a fine unless the defendant is or will be able to pay the fine[.]

2

stipulating to the facts of her prior violation of an order for protection conviction which would make Pasion eligible for enhanced sentencing under HRS § 586-11(a)(2)(A); and (3) erred in (a) granting Plaintiff-Appellee the State of Hawaiʻi (the **State's**) Notice of Intent to Use Evidence of Pasion's April 2018 violation of an order for protection offense under Hawaii Rules of Evidence (**HRE**) Rule 404(b) because the relevance was weak and the prejudice far outweighed the probative value; and (b) concomitantly denying certain evidentiary requests in Defendant's Motion in Limine on the same basis.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant legal authorities, we resolve Pasion's points of error as follows:

(1) Pasion argues that the Family Court's elements instruction is impermissibly vague and circular because it failed to identify the specific conduct in which Pasion engaged in violation of the Order for Protection.

Erroneous jury instructions are subject to plain error review "because it is the duty of the trial court to properly instruct the jury." State v. DeLeon, 131 Hawaiʻi 463, 479, 319 P.3d 382, 398 (2014) (quoting State v. Nichols, 111 Hawaiʻi 327, 337, 141 P.3d 974, 984 (2006)). "As a result, once instructional error is demonstrated, we will vacate, without regard to whether

timely objection was made, if there is a reasonable possibility that the error contributed to the defendant's conviction[.]"  Id.

The Family Court's instructions to the jury stated, in relevant part:

> A person commits the Violation of an Order for Protection if she intentionally or knowingly engages in conduct prohibited by an order for protection issued by a Judge of the Family Court that was then in effect.
>
> There are four material elements of the offense of Violation of an Order for Protection, each of which the prosecution must prove beyond a reasonable doubt.
>
> These four elements are:
>
> 1.    That, on or about August 27th, 2018, an order for protection issued by the Honorable Kevin T. Morikone of the Family Court in FC-DA number 17-1-2281 pursuant to Chapter 586 of the Hawaii Revised Statutes prohibiting the defendant from engaging in certain conduct was in effect; and
>
> [2.]  That, on or about ... August 27th, 2018, in the City and County of Honolulu, State of Hawaii, [Pasion] intentionally or knowingly engaged in conduct that was prohibited by the order for protection; and
>
> 3.    That [Pasion] knew at that time that such conduct was prohibited by the order for protection; and
>
> 4.    That [Pasion] was given notice of the order for protection prior to engaging in such conduct by having been present at the hearing in which the order was issued.

Pointing to element 2 of the instruction, Pasion argues that "engaging in certain conduct" does not specify the act or omission that Pasion allegedly committed, such as coming or passing within 100 yards of the protected person's residence or failing to continue to stay away from the residence at [] Nihi Street, which are some of the acts prohibited in the seven-page Order for Protection.

The adequacy of a jury instruction is determined by whether the instruction clearly and correctly specifies what the jury must decide. See generally State v. Bovee, 139 Hawaiʻi 530, 540-42, 394 P.3d 760, 770-72 (2017) (discussing various Hawaiʻi cases concerning the trial court's duty with respect to jury instructions). Here, the Family Court's instruction failed to clearly specify the prohibited conduct the jury was being asked to determine. We conclude that the Family Court plainly erred by failing to appropriately specify the particular conduct prohibited by the Order for Protection that Pasion allegedly violated.

However, we further conclude that there is no reasonable possibility that the Family Court's error contributed to Pasion's conviction. The only evidence presented concerning the violation of the Order for Protection was evidence of Pasion's presence at the protected person's home; that evidence was uncontroverted. The protected person testified that she saw Pasion at the home. Honolulu Police Department Officer Tuavao Maiava (**Officer Maiava**) testified that he saw Pasion in the carport of the protected person's home. And, Pasion testified that she went to the protected person's home, despite knowing that the Order for Protection prohibited her from doing so.[3] Examining the Family Court's error in light of the entire

---

[3]     Pasion did not deny violating the stay-away order, but rather raised a choice-of-evils defense, which the jury apparently rejected.

5

proceedings, we conclude that the Family Court's error was harmless beyond a reasonable doubt.

Pasion further argues that element 4 of the elements instruction (set forth above) contained a factual finding that the jury was required to make, which constituted a prohibited comment on the evidence.[4] We conclude that the Family Court's instruction regarding element 4 of the offense did not constitute a comment on the evidence, but instead properly stated an element of the offense that the State was required to prove. Accordingly, we further conclude that Pasion's argument is without merit.

(2) Pasion contends, and the State concedes, that Pasion was entitled to have a bifurcated proceeding in order for the jury to determine the fact identified in HRS § 586-11(a)(2)(A) that must be proved beyond a reasonable doubt before an increased penalty could be levied. The State's concession is well founded. See Auld, 136 Hawaiʻi at 247, 361 P.3d at 474; see also State v. Wagner, 139 Hawaiʻi 475, 480, 394 P.3d 705, 710 (2017). Therefore, Pasion's sentence must be vacated, and Pasion is entitled to a new or bifurcated sentencing proceeding in order

---

[4] HRE Rule 1102 provides:

**Rule 1102  Jury instructions; comment on evidence prohibited.** The court shall instruct the jury regarding the law applicable to the facts of the case, but shall not comment upon the evidence. It shall also inform the jury that they are the exclusive judges of all questions of fact and the credibility of witnesses.

for a jury to determine whether the additional sentencing requirements were proved beyond a reasonable doubt.[5]

Pasion further contends that the Family Court erred by failing to conduct a colloquy concerning Pasion's stipulation that Pasion had a prior violation-of-protective-order conviction and that it involved the same Order for Protection. In State v. Murray, 116 Hawaiʻi 3, 19-20, 169 P.3d 955, 971-72 (2007), the supreme court held:

> We now adopt an approach specifically concerning the use of prior convictions to prove an element of a charged offense. As discussed above, the cases have generally adopted two initial steps in applying statutes aimed at recidivist conduct or habitual offenders. First, if a defendant decides to stipulate to the prior convictions, the trial court must accept the stipulation. Second, the trial court must engage defendant in a colloquy to confirm that defendant understands his constitutional rights to a trial by jury and that his stipulation is a knowing and voluntary waiver of his right to have the issue of his prior convictions proven beyond a reasonable doubt.

See also State v. Ui, 142 Hawaiʻi 287, 290, 418 P.3d 628, 631 (2018) (reiterating the holding in Murray).

We conclude that the requirements that (1) a defendant understands his or her constitutional rights to a trial by jury; and (2) his or her stipulation is a knowing and voluntary waiver of his or her right to have the issue of his or her prior convictions proven beyond a reasonable doubt are both applicable

---

[5] We grant Pasion her request for relief, which is a bifurcated sentencing proceeding. We do so in order to permit a jury to determine whether the enhanced sentencing factors in HRS § 586-11(a)(2)(A) are proven beyond a reasonable doubt. However, the elements of the offense of Violation of an Order for Protection are set forth in the first two sentences of HRS § 586-11(a), and the enhanced sentencing factors are not elements of the offense, as argued by Pasion. See generally Wagner, 139 Hawaiʻi at 480-85, 394 P.3d at 710-15.

to the use of a prior conviction to enhance the sentencing requirements set forth in HRS § 586-11(a)(2)(A). Here, while the record is somewhat unclear, it appears that Pasion may have stipulated, or been prepared to stipulate, to the prior conviction in order to limit potentially prejudicial evidence related to the prior conviction. Thus, on remand, if Pasion wishes to stipulate to the prior conviction, the Family Court must accept her stipulation. However, the stipulation may be accepted only after the Family Court engages Pasion in an on-the-record colloquy regarding her constitutional rights and ensures that Pasion is making a knowing and voluntary waiver of her right to have the prior conviction proven beyond a reasonable doubt and decided by a jury. See Murray, 116 Hawaiʻi at 21, 169 P.3d at 973.

(3) Pasion argues that the Family Court abused its discretion by denying her motion in limine to exclude certain evidence that was admitted pursuant to HRE Rule 404(b).[6] Pasion

---

[6] HRE Rule 404 states, in relevant part:

> **Rule 404 Character evidence not admissible to prove conduct; exceptions; other crimes**.
>
> . . . .
>
> (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible where such evidence is probative of another fact that is of consequence to the determination of the action, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident. In criminal cases, the proponent of evidence to be
>
> (continued...)

8

sought to exclude (1) evidence that she had previously violated the Order for Protection in April 2018; and (2) Officer Maiava's testimony that he was familiar with Pasion, as well as his testimony concerning the April 2018 violation of the Order for Protection.

Even if evidence is admissible under HRE Rule 404(b), a trial court must weigh the potential prejudicial effects of the evidence against its probative value under HRE Rule 403. State v. Feliciano, 149 Hawaiʻi 365, 374, 489 P.3d 1277, 1286 (2021).

Here, at the hearing on the motion in limine, the State argued that evidence of the prior violation of the Order for Protection was admissible to show the absence of accident or mistake. The State further argued that such evidence was admissible to prove Pasion's "motive to an intent" to violate the Order for Protection. Pasion argued that such evidence was propensity evidence and emphasized that intent and mistake were not at issue in the case, as Pasion did not dispute that she intentionally went to the protected person's residence in violation of the Order for Protection, but was going to rely on a choice-of-evils defense.

The Family Court explained its HRE Rule 404(b) and Rule 403 analysis as follows:

---

[6](...continued)
> offered under this subsection shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the date, location, and general nature of any such evidence it intends to introduce at trial.

Evidence is admissible when it is, one, relevant and, two, more probative than prejudicial. It's a two-step analysis: One, classification of the evidence. It requires a determination whether the prior evidence is probative of any fact or consequences other than character or propensity.

. . . .

But [HRE Rule] 404(b) says evidence must be probative of another fact that is –- of consequence to the determination of the actions such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident.

I think that the prior [violation of the Order for Protection], especially since it's been within one year, does fall within this category of [HRE Rule] 404(b) in that it is probative of another fact that is –- that is a consequence of the action.

The next step I need to do is the balancing test, the probative -- for [HRE Rule] 403, probative versus prejudicial. "Prosecution must identify a valid theory of relevancy and demonstrate the substantial probative value for a designated purpose."

In *Fetelee* they discuss criminal intent, about knowledge, recklessness, and the absence of mistake or accidents are defenses that operate to negate intent.

The second prong is relevance and probative value should be positive in the particular circumstances of the case. I must consider the time elapsed between the crimes, the strength or evidence as the commission of other crimes, time elapsed between the prior and the other crimes charged, the need for the other acts, the efficacy of alternative proof and whether the other acts are likely to raise overmastering hostility.

So basically I find that the evidence is probative in that it would tend to negate intent or absence of mistake or accident. I realize that the defense right now is choice of evils. However, you know, I need to look at the totality of the circumstances in this case. So I do believe that it would take to negate absence, first of all, knowledge, recklessness, absence of mistake or accident -- absence of mistake or accident.

I do believe it's relevant because of the time between the two offenses. It's within a year.

The strength or evidence of the commission of the other crime. She pled to it. She's on, I think, probation for it.

The time elapsed, like I said, is relatively short.

I don't believe that it would -- the prior crime would likely to raise overmastering hostility towards the defendant.

> With respect to -- if it's prejudicial, I need to determine if there's a danger of unfair prejudice, confusion of issues, misleading the jury, undue delay, waste of time, and needless preparation of cumulative evidence. I don't find that any of those factors apply so I don't believe that it's prejudicial. I'm -- I'm going -- my ruling is that it is more probative than prejudicial so I will allow it to come in.
>
> . . . .
>
> And in order to eliminate any prejudice to [Pasion] I also have a limiting instruction[.]

Although the Family Court's explanation that "the evidence is probative in that it would tend to negate intent or absence of mistake or accident" is a little hard to follow, it is clear that the State was required to prove beyond a reasonable doubt that Pasion "knowingly or intentionally" violated the Order for Protection. See HRS § 586-11(a). Thus, evidence that Pasion had previously been convicted of violating the Order for Protection was relevant,[7] as it tended to make it more likely that her violation of the Order for Protection was knowing or intentional and not the result of a mistake or accident.

Under HRE Rule 403, however, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." In weighing the probative value versus the prejudicial effect of

---

[7] "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." HRE 401.

11

prior bad acts admitted for one of the purposes authorized under

HRE Rule 404(b), the supreme court has repeatedly held that:

> [A] number of factors must be considered, including the strength of the evidence as to the commission of the other crime, the similarities between the crimes, the interval of time that has elapsed between the crimes, the need for the evidence, the efficacy of alternative proof, and the degree to which the evidence probably will rouse the jury to overmastering hostility.

State v. Gallagher, 146 Hawaiʻi 462, 470, 463 P.3d 1119, 1127

(2020) (citations omitted; format altered).

In Gallagher, the supreme court emphasized that each

factor must be considered in light of the purpose for which it

was offered. Id.

Here, as to the first factor, the strength of the

evidence as to the commission of the earlier conduct, Pasion did

not deny that she previously violated the Order for Protection.

Thus, the first factor does not weigh against admittance.

As to the second factor, the crimes were clearly

similar in that both times Pasion returned to her mother's

residence (her mother was the protected person), which was a

violation of the Order for Protection. However, with respect to

the prior incident, the protected person testified that Pasion

called out, "mother, I'm hungry," but in the latter incident

there is no report that Pasion said anything to her. In the

present case, Pasion's choice-of-evils defense involved Pasion's

purported fear for herself and her family because of an

approaching hurricane.

With regard to the third factor, the interval of time between the crimes, as the Family Court found, there was a relatively short period of time between the two incidents. The first violation of the Order for Protection occurred in April of 2018 and the second violation occurred in August of 2018. However, as the supreme court explained in Gallagher:

> [W]hen prior misconduct is similar to the current offense and is offered to confirm identity or voluntariness by establishing a common methodology or scheme, a close connection in time and nature is highly probative only because it increases the likelihood that the same actor committed both instances of misconduct. . . . However, a close proximity in time and nature between the prior misconduct and the charged offense may also increase the likelihood that a jury will consider the previous conduct to conclude that the defendant has a propensity for committing such acts, which is a prohibited inference.

Gallagher, 146 Hawaiʻi at 472, 463 P.3d at 1129 (citations omitted).

The supreme court stressed that "when the evidence is not offered for a purpose for which similarity in time and nature is probative, a close unity between the acts potentially weighs against admitting the evidence when it increases the chances of unfair prejudice." Id. (citation omitted). In this case, Pasion's intent to go to her mother's residence was not denied, nor did she deny knowing that it was her mother's residence and knowing that she was prohibited from going there by the Order for Protection, and Pasion was not asserting that her conduct was a mistake or an accident. Rather, Pasion's defense was that she intended to go to the residence, knowing that it was her mother's residence and that she was prohibited from going there by the

Order for Protection, but that she was justified in doing so. Thus, the close proximity in time between the two violations made the earlier conviction both relevant and prejudicial. It was relevant to show that Pasion's conduct was not an accident or mistake, and that she knew that going to her mother's residence was a violation of the Order for Protection. However, it was also prejudicial as it increased the likelihood that a jury would consider the prior conduct to conclude that Pasion had a propensity for committing such acts, which is a prohibited inference. See Wagner, 139 Hawaiʻi at 485, 394 P.3d at 715 (noting that a jury's knowledge of a prior conviction for the same offense could have prejudiced the jury and contributed to its decision to convict).

The third and fourth factors, the need for the evidence and the efficacy of alternative proof, further weigh against admittance. Here, there was minimal need, if any, to use the prior conviction to prove that Pasion went to her mother's residence intentionally, rather than by mistake or accident, and that Pasion knew that such conduct violated the Order for Protection. The protected person, Pasion's mother, testified that she had lived at the residence for 17 years and that Pasion previously lived with her at the residence.[8] Pasion's mother further testified that she and Pasion were present in the

---

[8]    It appears that Pasion may have lived there up until the time that the Order for Protection was entered, as the order required her to leave the residence and not come back.

courtroom when the Order for Protection was issued and the judge explained it to the both of them. At the August 2018 incident, Pasion's mother saw Pasion in the garage of the residence and Officer Maiava took a picture of Pasion in the garage after responding to a 911 call from Pasion's mother concerning Pasion's presence at the residence in violation of the Order for Protection.

Regarding the final factor, there is nothing in the record to indicate that the evidence concerning the prior violation of the Order for Protection would rouse the jury to overmastering hostility.

As part of, and in part related to, the evidence concerning the prior conviction for the violation of the Order for Protection, over Pasion's objections, Officer Maiava was allowed to testify that he had "dealt with [Pasion] several times" and the prosecution was allowed to question Officer Maiava concerning the details of the incident underlying the prior conviction. In conjunction with that testimony, the Family Court gave a contemporaneous instruction to the jury, including that:

> Ladies and gentlemen of the jury, you're about to hear evidence that the defendant at another time engaged in and committed another crime, wrong, or act. You must not use this evidence to determine that the defendant is a person of bad character and therefore must have committed the offense charged in this case. Such evidence may be considered by you only on the issue of defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident and for no other purpose. Again, this evidence does not go to prove the character of the defendant to show action in conformity therewith. It goes to the specific reasons detailed in the rules of evidence.

> On May 7th, 2018, in 1FFC18-379 State versus Concepcion Pasion, the defendant Concepcion Pasion pled no contest to one count of a violation of order for protection. She was subsequently convicted and sentenced on that same day, May 7th, 2018.

Here, after reviewing the HRE Rule 404(b) factors, the Family Court stated that "I don't find that any of those factors apply so I don't believe that it's [*i.e.*, the evidence Pasion sought to exclude] prejudicial." On those grounds, the Family Court concluded that the evidence was more probative than prejudicial. However, the prior conviction and Officer Maiava's "dealings" with Pasion were only marginally probative of Pasion's intent and lack of mistake or accident as to the August 2018 incident, neither of which were disputed by Pasion. Pasion's identity was not at issue, so there was no possible relevance to Officer Maiava's testimony that he "dealt with" Pasion "several times," while creating a prejudicial inference that multiple interactions with the police indicated a possible pattern of misconduct or unlawful behavior. While the evidence concerning the prior bad acts were not particularly inflammatory, it strongly suggested that Pasion had a propensity for committing this particular violation, while otherwise providing minimal probative value.

We necessarily consider the Family Court's limiting instruction to the jury. In <u>Gallagher</u>, the supreme court noted that "a court's limiting instruction to the jury is also ineffective when it incorrectly instructs the jury about the limited use of admitted evidence." 146 Hawaiʻi at 475, 463 P.3d

at 1132. The supreme court highlighted earlier case law holding that an instruction was improper when it allowed the jury to consider prior bad acts for a purpose other than that for which they had been admitted. Id. at 475-76, 462 P.3d at 1132-33. Here, like in Gallagher, the Family Court's recitation of a long list of purposes for which the prior bad acts could be considered -- including plan, preparation and identity, which were either irrelevant or patently undisputed -- did not restrict the evidence to its proper scope and undercut the instruction's remedial effect.

Particularly in light of the Family Court's determination that the disputed evidence had no prejudicial effect, but in light of all of the circumstances of this case, we conclude that the Family Court abused its discretion in finding that the prejudicial effect of the evidence of the prior conviction and the portions of Officer Maiava's testimony concerning the details of the incident underlying the prior conviction and his other dealings with Pasion did not substantially outweigh their probative value.

As we cannot determine the extent to which the evidence of Pasion's prior conviction and prior dealings with the police may have colored the jury's perception and influenced it to reject Pasion's choice-of-evils defense, we cannot conclude that the Family Court's error in admitting the subject evidence was harmless beyond a reasonable doubt.

17

For these reasons, we vacate the Family Court's October 24, 2018 Judgment, and remand the case for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, October 27, 2022.

On the briefs:

Phyllis J. Hironaka,
Deputy Public Defender,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge